UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00117-GEB |
|---|---|
| Plaintiff, | |
| v. | **TRIAL CONFIRMATION ORDER** |
| JAMES JAY HITT, | |
| Defendant. | |

Trial in the above-captioned case, scheduled to commence at 9:00 a.m. on January 9, 2018, was confirmed at the hearing held on December 1, 2017.

### EVIDENTIARY DISPUTES

All evidentiary disputes capable of being resolved by in limine motions shall be filed no later than December 15, 2017. Oppositions to the motions or statements of non-opposition shall be filed no later than December 22, 2017. Any reply shall be filed no later than December 29, 2017. Hearing on any in limine motion is scheduled to commence at 9:00 a.m. on January 5, 2018.

Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs as explained in the below footnote.

**TRIAL PREPARATION**

A.  No later than five court days before the trial commencement date, the following documents shall be filed:

(1) proposed jury instructions and a proposed verdict form **(and the Courtroom Deputy Clerk shall be emailed a word version of the documents)**;

(2) proposed voir dire questions to be asked by the Court;

(3) trial briefs;[1] and

(4) a document containing a sufficient explanation of the particular factual situation involved in the trial so that we can ascertain whether a potential juror can be a fair and impartial juror in this case.

B.  The government's exhibits shall be numbered with stickers.  Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers.  The parties may obtain exhibit stickers from the Clerk's Office.  The government shall file an exhibit list and a witness list as soon as practicable.

C.  The jury will be told that it is estimated that it will take six (6) court days to present evidence to the jury and to complete closing arguments.  Each party has fifteen (15) minutes for voir dire, which may be used after the judge completes judicial voir dire (unless the judge decides to conduct all voir dire).  Two (2) alternate jurors will be empaneled, if

---

[1] *To ensure that the trial proceeds at a reasonable pace, the government is required to include in its trial brief a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof.*  The defense is also encouraged to do this to the extent it opines it should.

feasible.

The "struck jury" system will be used to select the jury unless this case is reassigned and the reassigned judge elects to use another system. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 3[6] potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing "the 'struck jury' system to select jurors").

The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each potential juror will be placed in his or her randomly-selected seat. The first 12 randomly selected potential jurors on the list will constitute the petit jury unless one or more of those 12 is excused. Assuming that the first listed potential juror is excused, the thirteenth listed potential juror becomes one of the twelve jurors that could be empaneled as the petit jury.

The Courtroom Deputy Clerk gives each potential juror a large laminated card depicting the numerical order that the potential juror was randomly selected.

Following the voir dire questioning, each side take turns exercising peremptory challenges. The parties will be given a sheet of paper ("strike sheet") that will be used to

3

silently exercise peremptory challenges in the manner specified on the strike sheet. If a party elects to pass rather than exercise a particular peremptory challenge, the word "pass" shall be placed on the strike sheet for that waived peremptory challenge and that challenge is waived for the then-constituted jury panel. See generally, United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire [waiver] practice" is authorized if "the composition of the panel" does not change).

The parties requested that the alternate jurors be retained after the jury retires to deliberate, and that the alternate jurors would then no longer be required to appear in court unless directed to appear by the Courtroom Deputy.

D. If any party desires training on the court's audio visual equipment that party should contact Richard Arendt (rarendt@caed.uscourts.gov) in the IT Department to make arrangements for training. The courtroom is available for training Monday through Thursday between 8:00 and 8:30 a.m. If training is not needed and a party wants to test the equipment, this can be done on the morning of trial between 8:00 and 8:30 a.m.

E. Each party has twenty (20) minutes to make an opening statement.

F. After closing jury instructions, the judge intends to communicate the following with the Court Security Officer and the jury:

> The Courtroom Deputy shall administer the oath to the United States Court Security Officer.

4

Sir, the jury may take a break and/or break for a meal, without consulting me; the breaks are under your general supervision. If the jury adjourns for lunch, a Court Security Officer shall immediately tell the Courtroom Deputy so that my staff, the lawyers, the parties, and I can be relieved from standby status while the jury adjourns deliberations.

Should the jury adjourn later today, jurors are permitted tomorrow to proceed directly to the jury deliberation room, but jurors are to wait until all jurors are present before resuming deliberations because all jurors must be present when the jury deliberates. Jury deliberations shall occur, as needed, until 4:30 p.m. when the jury shall adjourn for the evening; and the jury shall resume deliberations the next day commencing at 9:00 a.m.

A Court Security Officer will maintain a post outside the jury deliberation room to protect the jury from outside influences or visitors. The Court Security Officer will not communicate with a juror about the case or the court system because such conversations could be misconstrued as a communication that seeks to influence a juror. What I just said does not apply to a note that a juror and/or the jury gives to the Court Security Officer, because a juror and/or the jury is required to inform the Court Security Officer that a note needs to be given to the judge.

Each juror may continue possessing his or her cell phone or other communication device, but that device shall be turned off when the jury is engaged in deliberation. The Court Security Officer shall escort the jurors to the jury deliberation room.

G. Further the Court intends to tell the alternate jurors what follows:

Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror. Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are still bound by the admonitions I gave in the jury

|   |   |
|---|---|
| 1 | instructions, since you may eventually replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Deputy will tell you to appear in this courtroom. Provide the Courtroom Deputy with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy will inform you that you are discharged from further service on this case and you are released from the admonitions, including the directive that you not talk to others about this case. In the event I do not see you again, thank you for your service on this case. |

Any objection to or proposed modification to either or both communications in sections F and G shall be filed no later than five (5) days after this order is filed.

Dated: December 1, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge