UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-117-GEB |
|---|---|
| Plaintiff, | |
| v. | **RULINGS ON MOTIONS IN LIMINE** |
| JAMES JAY HITT, | |
| Defendant. | |

The United States of America (the "Government") and Defendant James Hitt ("Defendant") filed motions in limine ("MIL") December 15, 2017. ECF Nos. 53-59.[1] The Government moves for rulings that certain certified public and business records are self-authenticated and admissible, Gov't Mot. Limine No. 1, ECF No. 55; that Defendant's discussion of possible penalties be excluded, Gov't Mot. Limine No. 2, ECF No. 54; that certain hearsay statements be excluded, Gov't Mot. Limine No. 3, ECF No. 53; that evidence and argument regarding Defendant's alleged pervasive developmental disorder be excluded, Gov't Mot. Limine No. 4, ECF No. 57; that evidence of several of Defendant's past convictions are admissible, Gov't Mot. Limine No. 5, ECF No.

---

[1] The Government's motions are numbered one through seven, but no motion is submitted as number six. ECF Nos. 53-55, 57-59. Defendant filed a single document which contains several distinct requests for evidentiary rulings. ECF No. 56.

1

59; and that certain evidence is admissible because it evinces Defendant's consciousness of guilt, Gov't Mot. Limine No. 7, ECF No. 58. On December 22, 2017 Defendant filed a statement of non-opposition to the Government's MILs #2, #3, and #4 in which Defendant states he will not seek to admit the referenced evidence in these MILs; therefore, no controversy is presented in these MILs necessitating rulings. Def's Non-Opp'n, ECF No. 62. Defendant partially opposes Government's MIL #1. Defendant also filed an opposition to the Government's MIL #7 on December 22, 2017, Def's Opp'n to Gov't's Mot. No. 7, ECF No. 63, and he filed an opposition to the Government's MIL #5 on December 23, 2017, Def's Opp'n to Gov't's Mot. No. 5, ECF No. 64. The Government replied to these oppositions on December 26, 2017. Gov't's Reply, ECF No. 65.

Defendant moves for exclusion of evidence of his purported reaction to encountering law enforcement officers seeking entry into his trailer residence to execute a search warrant, Def's Mot. Limine 2:10–3:5, ECF No. 56; for exclusion of evidence of his past convictions, id. at 3:6-22; for exclusion of visual representations of the pornographic videos and images underlying the charged conduct in light of his proffered stipulation as to their content, id. at 3:23-6:3; for "the court and the government ["to" be "sensitize[d]"] to a potential defense that [Defendant] was not the person at the computer in his residence who was trading child pornography," id. at 6:14-15; and for exclusion, absent foundation, of certain emails such as those attributing to Defendant a particular online blog, id. at 6:18-23. The Government filed an opposition to Defendant's MILs

| | |
|---|---|
| 1 | on December 22, 2017, Gov't's Opp'n, ECF No. 61, and Defendant |
| 2 | filed a reply on December 29, 2017, Def's Reply, ECF No. 66. On |
| 3 | January 2, 2018, the Government requested to file a provided sur- |
| 4 | reply. Gov't Sur-Reply, ECF No. 73. Permission is granted, and |
| 5 | that sur-reply is considered. |

### I. The Government's Motion to Pre-Admit Certain Certified Public and Business Records is Granted and Defendant's Contrary Motion is Denied

The Government moves for a ruling that certain certified public and business records are admissible "pursuant to Federal Rules of Evidence 803(6), 803(8), 902(4), and 902(11)." Gov't Mot. Limine No. 1 at 2:8-9. These records include "(1) subscriber and login information from Yahoo!; (2) IP records from AT&T; (3) DMV Records; . . . (4) Shasta Community College Records"; and (5) records pertaining to Defendant's 1993, 2000, and 2005 criminal convictions. Id. at 1:24-2:7. Defendant argues that "[m]uch of what is sought . . . in the Government's Motion in Limine # 1 is not objectionable," but he does "object to the admission of the entirety of the Yahoo emails as they may implicate other evidentiary problems . . . " Def's Non-Opp'n 1:21-27. Defendant also argues in his motion that "[s]ome" emails — unspecified with one exception[2] — should not be admissible to prove guilt or under Federal Rule of Evidence 404(b) unless a foundation is first laid. Def's Mot. Limine

---

[2] "For example an email from Nov. 1, 2012 (Ex. B) references a sibs.ms blog that is attributed to Mr. Hitt. Respectfully, it is requested that the foundational facts be laid prior to the introduction of that evidence that the sibs.ms blog is properly tied to [Defendant]'s computer." Def's Mot. Limine 6:20-23.

3

6:17-23. However, as the Government argues: "None of the case law regarding admissibility affects the defendant's right to object at trial under Rule 403 or other rules regarding relevance or prejudice, which form the basis of the defendant's partial opposition to the government's Motion in Limine # 1." Gov't's Reply at 1:22-25. The Government's MIL #1 is granted, and it may introduce the above-mentioned documents without first calling the respective custodians of records.

## II. The Government's Motion to Admit Evidence Under Federal Rules of Evidence 404(b) and 609 is Granted in Part and Defendant's Opposing Motion is Denied

The Government moves for a ruling in MIL #5 that evidence of Defendant's 1993 conviction under California Penal Code § 288(a) (lewd and lascivious act with a minor under 14) is admissible under Federal Rule of Evidence 404(b).[3] Gov't Mot. Limine No. 5. Defendant opposes this motion. Def's Opp'n to Gov't's Mot. No. 5. Defendant also includes in his own motion a request for an order excluding the evidence. Def's Mot. Limine 3:6-22. The Government argues this evidence is admissible under Rule 404(b)

> [i]f the defendant claims he was not the person using the king.james123456@yahoo.com account, or the various pieces of digital media found in his residence containing child pornography, [this evidence would be admissible because] his 1993 prior conviction [has probative value] to prove identity, knowledge, motive, and other permissible issues under Rule 404(b). The user of the

---
[3] Although the Government also argues it will attempt to introduce two other, more recent, convictions under Federal Rule of Evidence 609 if Defendant testifies, this portion of the motion is not decided since it is unclear Defendant will testify.

4

>           king.james123456@yahoo.com account explicitly
>           referred to his criminal history — which is
>           consistent with Hitt's criminal history — in
>           several e-mails.

Gov't Mot. Limine No. 5, 3:15-20. Further, the government argues the referenced emails "describ[ing the author's] criminal history . . . closely corresponded to [Defendant]'s criminal history" and "the identi[t]y of the user of that account will likely become the central issue at trial." Id. 3:10-12.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2). Rule 404(b) evidence is admissible where it "(1) proves a material element[4] of the offense for which the defendant is now charged, (2) . . . is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." United States v. Hardrick, 766 F.3d 1051, 1055 (9th Cir. 2014) (quoting United States v. Ramirez-Robles, 386 F.3d 1234, 1242 (9th Cir. 2004)). Even if a crime, wrong, or other act meets these requirements, it is subject to the Rule 403 balancing test. "The probative value of the evidence must . . . not be substantially outweighed by the danger of unfair prejudice." United States v. Tsinnijinnie, 91 F.3d 1285, 1289 (9th Cir. 1996).

---

[4] "[T]he [Ninth Circuit] has frequently substituted the terms 'material issue' and 'material point' in the same context." United States v. Verduzco, 373 F.3d 1022, 1029 (9th Cir. 2004).

Defendant concedes that "[i]dentity of who was engaging others via email using the king.james123456@yahoo.com will be a paramount issue in this case," but contests the Government's position on the fourth prong of the test (remoteness) and also argues that the evidence should be excluded by Rule 403 considerations. Def's Opp'n to Gov't's Mot. No. 5 at 1:23-26. Defendant argues:

> The Lewd and Lascivious Conduct conviction [Defendant] sustained was 19 years prior to the allegations here. It is understood that courts have declined to set inflexible rules regarding remoteness. United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989) (declining to "adopt an inflexible rule excluding evidence of prior bad acts [under Rule 404(b)] after a certain amount of time elapses"). However, there has to be an outer limit to what is discussed or considered by the jury in our trial. Nineteen years is a long time for a prior to remain viable for use in later prosecutions.
>
> . . . .
>
> Taking a global FRE 403 approach to his prior[] . . . , one cannot forget that the sex offense and sex offender arenas are rife with prejudice. The degree of scorn and societal animus to Sex Offenders perhaps rivals that of only accused terrorists. That this is so will undoubtedly . . . be manifest in the voir dire process where it will be difficult to get un-biased jurors.

Id. at 2:4-21. Defendant is correct that nineteen years is "a long time for a prior to remain viable," id. at 2:10, and the oldest prior conviction the Government provides enshrined in case law is fifteen years, see Gov't Mot. Limine No. 5 at 6:7-8 (citing United States v. Hadley, 918 F.2d 848, 850-51 (9th Cir. 1990)). But as the Government argues: "In this case, the age of the conviction is actually part of its probative value, based on

6

the references in the e-mails." Gov't Mot. Limine No. 5 at 6:5-6. The government also argues: "The user of the king.james123456@yahoo.com account explicitly [referred] to his criminal history — which is consistent with [Defendant]'s criminal history — in several e-mails." Id. at 3:18-19. Defendant has conceded the primacy of identity in this case, and the timing of the 1993 conviction is highly probative given the content of several emails. See id. at 3:22-25.

Nor does consideration of the admissibility of the referenced evidence under Rule 403 favor exclusion. The probative value of this conviction evidence is high, and the evidence is not unfairly prejudicial in light of the dispute whether Defendant is the person who was engaged in the indicted child pornography offenses.

The Government further seeks a ruling on the admissibility of evidence it contends is inextricably intertwined with evidence that proves the underlying offenses and is evidence which "could be considered other bad acts evidence." Gov't Mot. Limine No. 5 at 6:25-26. The Government seeks an admissibility ruling on a profusion of other pornographic images of children on Defendant's computer, a loose hard drive, and several backup CDs which the Government contends shows "it was [Defendant] who received the child pornography, not anyone else." Gov't Mot. Limine No. 5 at 7:7. The Government additionally seeks to introduce emails from which an inference could be drawn that Defendant controlled the king.james123456@yahoo.com email address. Id. at 7:8-27. Defendant opposes this motion but his opposition does not address the full scope of the Government's

7

motion.

"[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'" United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (quoting United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987)). Since Defendant has made clear that identity of the individual using king.james123456@yahoo.com to traffic in child pornography will be central to his defense, and the evidence the Government has referenced concerns the identity issue and is inextricably intertwined with the evidence of the charged crimes, it is admissible.

### III. The Government's Motion to Admit Evidence of Defendant's Encounter with Law Enforcement to Demonstrate Consciousness of Guilt is Granted, and Defendant's Opposing Motion is Denied

The Government moves "to admit evidence concerning the defendant's encounter with [law enforcement] officers and agents serving a search warrant on January 4, 2013 to prove consciousness of guilt." Gov't Mot. Limine No. 7 at 1:17-19. Defendant opposes this motion, Def's Opp'n to Gov't's Mot. No. 7, and moves to exclude this evidence, Def's Mot. Limine 1:17-3:3.

Defendant's communications and conduct when he interacted with law enforcement officers and agents serving the search warrant at his residence on January 4, 2013, is admissible on the consciousness of guilt issue. See Marcoux v. United States, 405 F.2d 719, 721 (9th Cir. 1968) ("It is today

universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."). Further, this evidence is not rendered inadmissible by Rule 403 considerations, as any prejudice emanating therefrom is not unfair and the degree of prejudice does not substantially outweigh the probative value of that evidence.

**IV. Defendant's Motion to Exclude Visual Representations of the Pornographic Videos and Images Underlying the Charged Conduct in Light of a Stipulation as to Content Is Denied**

Defendant seeks to prohibit the Government from exposing the jury to any images of the charged child pornography and contends that such evidence should be excluded since he is willing to stipulate "[e]ssentially that the child porn found during the search of his residence was indeed child porn," Def's Mot. Limine 4:1, and "to the interstate commerce element of the charged offense," Def's Reply 3:19-20. Defendant argues this stipulation makes nil the probative value of the actual images and results in the probative value of that evidence being substantially outweighed by the risk of unfair prejudice; namely, that such horrendous images "beg[] jurors to act out of revile for the defendant and sympathy for those depicted." Def's Mot. Limine 4:28-5:1.

Defendant supports his position, inter alia, by citing United States v. Merino-Balderrama, 146 F.3d 758 (9th Cir. 1998), in which the Ninth Circuit reversed a conviction under 18 U.S.C.

§ 2252(a)(4)(B) (knowing possession with intent to view child pornography) because the District Court failed to exclude pornographic films under Rule 403 in light of an offer to "stipulate that the films were child pornography and had travelled in interstate commerce." Id. at 762.

The Government argues:

> In Merino-Balderrama, the government . . . showed parts of child pornography films found in the trunk of the defendant's car. Merino-Balderrama, 146 F.3d at 760. The defendant had offered to stipulate that the films were child pornography and had traveled in interstate commerce, and the . . . defendant had never seen the films — only the box covers, which depicted images from the movies within. Id. This was a critical distinction because the films, which the defendant had not seen, were considerably less probative to scienter than the box covers, which the defendant had seen. Id. at 761-63. Here, the images themselves are probative of scienter in a way that was simply absent in Merino-Balderrama.

Gov't's Opp'n 8:11-19.

The Government also argues: "Despite the defendant's offered stipulation, the prosecution is entitled to introduce relevant evidence that will demonstrate the elements of the crime and, generally, 'to prove its case by evidence of its own choice.'" Gov't's Obj. to Def. Mots. at 6:1-3, ECF 61 (quoting Old Chief v. United States, 519 U.S. 172, 186 (1997)). The Government also responds that it currently seeks to admit "17 still images and 6 video clips," Gov't's Opp'n 6:4-5, totaling "less than 1 minute, 55 seconds of playing time," id. at 8:22-23. The Government states this is "only a small fraction of the . . . collection, which consisted of hundreds, if not over 1,000 images of child pornography." Gov't's Opp'n 6:5-6. The Government

further argues:

> The obvious nature of the video content supports a conclusion that the defendant knew what he received, distributed, and/or possessed. The images themselves are what is most probative of [Defendant]'s mental state: "the images themselves, published to the jury as part of the government's detailed and comprehensive forensic evidence regarding the downloading, viewing, categorizing, and storing of the files, were highly probative of the state of mind with which the files were received and possessed."

Gov't's Opp'n 6:25-7:2 (quoting United States v. Ganoe, 538 F.3d 1117, 1123-24 (9th Cir. 2008)). In light of what is disputed in this case, Defendant's proffered stipulation does not "supply evidentiary value at least equivalent to what the Government's [chosen] evidence [possesses]." See Old Chief, 519 U.S. at 186. Therefore, Defendant's motion is denied.

**CONCLUSION**

For the stated reasons, Defendant's MILs, ECF No. 56, are denied. The Government's MILs are all granted, except for the Government's MIL #5, which is granted in part. ECF Nos. 53-55, 57-59.

In light of this ruling, the hearing on the motion scheduled on January 5, 2018, is vacated.

Dated: January 4, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge