UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-117-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL, PROPOSED FINAL JURY INSTRUCTIONS, AND PROPOSED VERDICT FORMS** |
| JAMES JAY HITT, | |
| Defendant. | |

Attached are the court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request, proposed final jury instructions, and proposed verdict form.

The bracketed optional language shall be clarified, and any proposed change shall be filed as soon as feasible.

Trial will commence at 9:00 a.m. on January 9, 2018.

Dated: January 5, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

## VOIR DIRE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES JAY HITT,

Defendant.

No. 2:15-cr-117-GEB

**VOIR DIRE**

Good morning and welcome to the United States District Court.  Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me.  The Courtroom Deputy is Shani Furstenau.  Next to her is the Certified Court Reporter.  Ms. Furstenau please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror.  After questioning is complete, the parties will exercise what are known as peremptory challenges.

1.  Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the

sheet you have been given in the order of the random selection. Each potential juror has been placed in his or her randomly-selected seat, and has given each juror a large laminated card on which the number is placed that shows the order in which the juror was randomly selected.

**2.** I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest-numbered seat will respond first. If no card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

**3.** If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interest, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

**4.** The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately six court days, after which the case will be submitted to the jury for jury deliberation. Trial will be

conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective juror?

**5.** Counsel may make any desired introductions and the government shall name anticipated witnesses it may call so it can be determined whether any potential juror knows or has contact with a person named.

**a.** Does any potential juror know and/or had any contact with a person just named?

**6.** This is a criminal case brought by the United States against the defendant, James J. Hitt. The indictment charges the defendant with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). The charges in the indictment allege conduct that occurred between August 23, 2012 and January 4, 2013 in Shasta County California and elsewhere. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything. Mr. Hitt has pled not guilty to the charges and is presumed innocent unless the government proves he is guilty beyond a reasonable doubt.

**7.** In light of the allegations, does any potential juror prefer not being a juror on this case?

**8.** Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

**9.** Please raise your number if you have heard or read anything about this case before coming into this courtroom.

**10.** If you conclude that any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know of that request. While I'm authorized under law to protect your legitimate privacy interests, I may ask some questions in the area that you indicate a desire to discuss in private to determine whether we can discuss any aspect of the matter in open court without disclosing what you desire to keep private. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

**11.** The evidence in this case may include the use of explicit sexual language and evidence of sex acts with a minor. Is there anything about the nature of the charges, or the general subject matter of this case, that makes you feel that you cannot be a fair and impartial juror in this case or causes you to prefer not being a juror on this case?

**12.** Is there any reason why you would not be able to be a juror and or to or give your full attention to this case?

**13.** Have you, any member of your family, or any close friend been arrested for a crime or been the defendant in a criminal case?

**14.** Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

**15.** Have you ever served as a juror in the past, in

any capacity?

        **a.** State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

    **16.** Would you tend to believe the testimony of a witness just because of that witness is a law enforcement officer?

    **17.** Would you tend to disbelieve the testimony of a witness just because of the witness's present or former state or federal law enforcement employment, or other governmental employment?

    **18.** Some of the people involved in this case may be of a different race, ethnic background, or national origin than your own. Would that difference have any effect on your ability to be a fair and impartial juror if you were selected to try this case?

    **19.** You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

    **20.** Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

    **21.** Do you have any problem with the rule of law that a defendant need not testify on his own behalf, and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

    **22.** Is there anything that we have not discussed that you suspect a trial participant would desire to know?

**23.** The Courtroom Deputy Clerk will give juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

                **a.** your name and educational background;

                **b.** the educational background of any person residing with you;

                **c.** your present and former occupations;

                **e.** the present and former occupations of any person residing with you.

# INITIAL JURY INSTRUCTIONS

# INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I want to take a few minutes to give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with receipt of child pornography, distribution of child pornography and possession of child pornography.

The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves him guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits which are received in evidence; and
- any facts to which the parties agree.

INSTRUCTION NO. 4

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

- statements and arguments of the attorneys;
- questions and objections of the attorneys;
- testimony that I instruct you to disregard; and
- anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

4

INSTRUCTION NO. 5

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Court Security Officer to give to me;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 9

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes shall be left on the seat you now occupy.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 11

During the course of trial you may see photos or videos that the government alleges contain visual depictions of minors engaged in sexually explicit conduct. The photos or videos are being shown only to assist you in determining whether the government has met its burden of proving each of the elements of the charges alleged in this case beyond a reasonable doubt. Do not allow any feelings that you may have regarding the photos or videos affect this determination in any way. Recall that at the beginning of this case you swore an oath that you would be fair and impartial to both sides.

INSTRUCTION NO. 12

The next phase of trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and the defendant may cross examine. Then, if the defendant chooses to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.

## JURY INSTRUCTIONS THAT MAY BE GIVEN DURING THE COURSE OF TRIAL

INSTRUCTION NO. 1

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved beyond a reasonable doubt.

INSTRUCTION NO. 2

　　　　You are about to hear evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.

INSTRUCTION NO. 3

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

INSTRUCTION NO. 4

     You have heard evidence that Jeremie Brooks, a witness, was convicted of gross vehicular manslaughter while intoxicated. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

4

<u>**PROPOSED CLOSING JURY INSTRUCTIONS**</u>

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

      The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges filed against him in the indictment. The defendant is not on trial for any conduct or offense not charged against him in the indictment.

INSTRUCTION NO. 10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 11

The indictment charges that the offenses alleged in Counts Two through Five were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts Two through Five of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 12

       You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 13

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.

INSTRUCTION NO. 14

You have heard evidence that the defendant has previously been convicted of [other crimes]. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

INSTRUCTION NO. 15

You [heard] testimony from [Alan Russell Schmidt or Egeman Tas] who [testified] to opinions and the reasons for [his] opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 16

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 17

The defendant is charged in Count One of the indictment with receiving child pornography in violation of Section 2252A(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about September 9, 2012, and on or about January 4, 2013, the defendant knowingly received a visual depiction;

Second, the defendant received the visual depiction using a means or facility of interstate commerce, including the Internet, or the visual depiction was transported in or affecting interstate or foreign commerce by any means, including a computer;

Third, the visual depiction was child pornography; and

Fourth, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of one or more minors engaged in sexually explicit conduct.

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a visual depiction previously requested. An individual who downloads a visual depiction by means of the Internet has received it. The government must prove that the defendant received the visual depiction knowingly.

The defendant is charged in Count Two of the indictment with distributing child pornography in violation of Section 2252A(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 23, 2012, the defendant knowingly distributed a visual depiction, specifically, "Kick me losing weight! 2 – Brother – Watch Cinemo Video.flv";

Second, the defendant distributed the visual depiction using a means or facility of interstate commerce, including the Internet, or the visual depiction was transported in or affecting interstate or foreign commerce by any means, including a computer;

Third, the visual depiction was child pornography; and

Fourth, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of one or more minors engaged in sexually explicit conduct.

INSTRUCTION NO. 19

The defendant is charged in Count Three of the indictment with possessing child pornography in violation of Section 2252A(a)(5)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 4, 2013, the defendant knowingly possessed a visual depiction, specifically, one or more files on a HP Pavilion desktop, serial number 4CE1400MX2;

Second, the visual depiction was shipped or transported using a means or facility of interstate commerce, including the Internet, or the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including a computer;

Third, the visual depiction was child pornography; and

Fourth, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of one or more minors engaged in sexually explicit conduct.

INSTRUCTION NO. 20

The defendant is charged in Count Four of the indictment with possessing child pornography in violation of Section 2252A(a)(5)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 4, 2013, the defendant knowingly possessed a visual depiction, specifically, one or more files on a Western Digital hard drive, serial number WCAM9D386321;

Second, the visual depiction was shipped or transported using a means or facility of interstate commerce, including the Internet, or the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including a computer;

Third, the visual depiction was child pornography; and

Fourth, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of one or more minors engaged in that sexually explicit conduct.

The defendant is charged in Count Five of the indictment with possessing child pornography in violation of Section 2252A(a)(5)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about January 4, 2013, the defendant knowingly possessed a visual depiction, specifically, one or more files on compact discs found at the defendant's residence in Anderson, California;

Second, the visual depiction was shipped or transported using a means or facility of interstate commerce, including the Internet, or the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including a computer;

Third, the visual depiction was child pornography; and

Fourth, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of one or more minors engaged in that sexually explicit conduct.

"Child pornography" means any visual depiction, including a picture or video, the production of which involved the use of a minor engaging in sexually explicit conduct and which portrays that minor engaged in that conduct. The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

A "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, masturbation, sadistic or masochistic abuse, bestiality, or lascivious exhibition of the genitals or pubic area of any person.

The Internet is a means or facility of interstate commerce. Transmission of photographs, images, or videos by means of a computer constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that any visual depiction in question was (1) actually received using the

Internet, (2) was actually transmitted by means of a computer, or (3) both.

The defendant's knowledge regarding the visual depictions may be shown by direct or circumstantial evidence. Eyewitness testimony of the defendant's perusal of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. The government need not prove that the defendant knew the specific age of the minor. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

INSTRUCTION NO. 23

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 24

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 25

In order to determine whether the visual depiction is a "lascivious exhibition of the genitals or pubic area," you must consider the overall content of the visual depiction, while taking into account the age of the child depicted. The following list of factors, while not exhaustive, are among the things you should consider:

- whether the focal point of the visual depiction is on the child's genitalia or pubic area;
- whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
- whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
- whether the child is fully or partially clothed, or nude;
- whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
- whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A visual depiction need not involve all of these factors to be a lascivious exhibition, and it is for you to decide the weight or lack of weight to be given to any of these factors.

INSTRUCTION NO. 26

Evidence has been admitted that the defendant was not present at the time and place of the commission of a crime charged in the indictment. The government has the burden of proving beyond a reasonable doubt the defendant was present at that time and place.

If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, you must find the defendant not guilty.

27

INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 28

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 29

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 30

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

## PROPOSED VERDICT FORM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-117-GEB |
|          Plaintiff, | |
|    v. | **VERDICT FORM** |
| JAMES JAY HITT, | |
|          Defendant. | |

      WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, JAMES JAY

HITT, AS FOLLOWS:


AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

                      of receiving child pornography, in
                      violation of Title 18, United States
_____ _____      Code, Section 2252A(a)(2).


AS TO COUNT 2 OF THE INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

                      of distributing child pornography, in
                      violation of Title 18, United States
_____ _____      Code, Section 2252A(a)(2).

1

AS TO COUNT 3 OF THE INDICTMENT:

GUILTY      NOT GUILTY

                          of possessing child pornography, in
                          violation of Title 18, United States
                          Code, Section 2252A(a)(5)(B).
_____  _____


AS TO COUNT 4 OF THE INDICTMENT:

GUILTY      NOT GUILTY

                          of possessing child pornography, in
                          violation of Title 18, United States
                          Code, Section 2252A(a)(5)(B).
_____  _____


AS TO COUNT 5 OF THE INDICTMENT:

GUILTY      NOT GUILTY

                          of possessing child pornography, in
                          violation of Title 18, United States
                          Code, Section 2252A(a)(5)(B).
_____  _____


DATED                          FOREPERSON

2