UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES HITT,<br><br>    Defendant. | No. 2:15-cr-00117-GEB<br><br>**RULING ON OBJECTION TO PRESENTENCE REPORT** |

Defendant objects to the penalty provisions in paragraphs 2 and 96 of the Presentence Report ("PSR")(ECF No. 119) arguing these provisions are based on the parties' trial stipulation that Defendant "had a felony prior that involved sexual contact with a child . . . [,but this stipulation] should not be dispositive for sentencing purposes and the requisite categorical analysis should be separate from trial mechanics . . . . [Defendant contends his] tactical decision to stipulate to a prior for [trial] impeachment [purposes] should not foreclose contesting its future [usage]." Def.'s Formal Objs. to PSR and Sentencing Mem. at 2:14-20, ECF No. 121. The trial stipulation states: "The defendant, James Jay Hitt, suffered a felony conviction in 1993 for which he went to prison. The conduct underlying that conviction occurred in July of 1992 and involved sexual contact with a minor who was under 14 years of age." Stip., ECF No. 84. Defendant argues:

> While some older federal cases have held that
> California Penal Code Section 288(a) is
> priorable and there is no dispute he pled to

1

one count of violating that section in 1993, it should not pass categorical muster under 18 USC Section 2252A(b)2. Penal Code Section 288(a) covers conduct well beyond that covered in the generic Federal Offenses and does not constitute aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward. As such, he respectfully objects to the enhanced recidivist penalties as documented in the probation report.

Def.'s Formal Objs. to PSR and Sentencing Mem. at 2:22-26.

The Ninth Circuit rejected a similar argument in <u>United States v. Sullivan</u>, 797 F.3d 623, 637, 638, 640 (9th Cir. 2015) (citations and internal quotations omitted), as follows:

> Unlike our usual categorical approach, . . . the federal statutes here do not require us to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically relating to such federal offenses. [T]he phrase relating [in each federal statute] generally has a broadening effect on what follows. For example, in the context of similar language in 18 U.S.C. § 2252A(b), we held that the phrase relating to does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense . . . Accordingly, we reject [Defendant's] argument that a prior conviction triggers a sentencing enhancement under § 2251(e) or § 2252(b)(2) only if the statutory definition of the prior offense is equivalent to a federal generic definition. Indeed, requiring such equivalence would render the words relating to in [federal statutes] meaningless.
>
> . . .
>
> We now consider whether the specific state offenses at issue here, sections 261.5(d) and 288a(b)(2) of the California Penal Code, are categorically offenses relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, 18 U.S.C.

2

§§ 2251(e), 2252(b)(2). Sections 261.5(d) and 288a(b)(2) are crimes that relate to the generic offense sexual abuse of a minor . . . Accordingly, the state crimes necessarily involved conduct that causes physical or psychological harm in light of the age of the victim in question, and as such, are crimes relating to ... sexual abuse. Therefore, they are categorically offenses relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, 18 U.S.C. §§ 2251(e), 2252(b)(2).

Defendant conceded during the sentencing hearing that his objection does not dispute the factual findings in the PSR, therefore the court "may look at [findings in the PSR] that illuminate the underlying facts of the [the referenced] state conviction . . . [for the purpose of determin[ing] whether the particular state offense falls under the relevant federal statute." United States v. Reinhart, 893 F.3d 606, 611 (9th Cir. 2018) (citations omitted). "Here, the portion of the federal sentencing statute at issue applies when an individual has a prior state conviction 'relating to ... the ... [receipt and distribution] ... of child pornography.' 18 U.S.C. § 2252(b)(2)." Id.

Findings in the PSR evince that Defendant "fond[led and] molested a 9-year old female victim," by "touch[ing] her private parts with his hand," in violation of California Penal Code § 288(a). PSR at ¶ 45. California Penal Code § 288(a) proscribes a person from "willfully and lewdly commit[ting] any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child."

3

Therefore, as the Ninth Circuit held in <u>United States v. Farmer</u>, 627 F.3d 416, 422 (9th Cir. 2010), concerning the same California statute: "[Defendant's] conviction under California Penal Code § 288(a) categorically relates to sexual abuse [proscribed in 18 U.S.C. § 2252A(b)(2)]." For the stated reasons, Defendant's objection to the penalty provisions in paragraphs 2 and 96 of the PSR is overruled.

The Probation Department shall be included in the service of this order, and this ruling shall be "append[ed to a] copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

Dated: March 22, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge